IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RAPHUS ELEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 02-362-SLR |
| | ) | |
| RICK KEARNEY, et al., | ) | Jury Trial Demanded |
| | ) | |
| Defendants. | ) | |

### STATE DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS

1.   Raphus Eley ("Plaintiff") is a sentenced inmate incarcerated at the Delaware Correctional Center ("DCC") Smyrna, Delaware. During the relevant period of the actions giving rise to this Complaint the plaintiff was incarcerated at the Sussex Correctional Institution, ("SCI") Georgetown, Delaware.

2.   On or about May 13, 2002, plaintiff filed a Complaint with leave to proceed *in forma pauperis* pursuant to 42 U.S.C.§1983, alleging Eighth and Fourteenth Amendment Due Process violations against SCI employees Warden Rick Kearney, Deputy Warden Mike Deloy, Maintenance Supervisor Carl Anson, Cpl. William Gosnell and C/O Philip Townsend. ("State defendants") (D.I.#2). Additionally, the plaintiff names several medical personnel as defendants. The plaintiff alleges that he "sustained severe injuries and mental lacerations when he fell down a flight of stairs due to the deterioration in the [SCI] building structure." (Complaint, *passim*). For relief, the plaintiff seeks monetary damages for his alleged injuries. *Id.*

3.   By Order of the Court, service of process was issued. The office of the Attorney General was served on or about July 29, 2004. (D.I.#50). On or about September 20, 2004, State

defendants filed an Answer. (D.I.#61). The instant motion seeks to dismiss the complaint against State defendants for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

    4.    In deciding a motion to dismiss under Fed. R.Civ. P. 12 (b)(6), the Court may dismiss a Complaint filed *pro se* for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-6 (1957). In addition, the Court must presume all factual allegations contained in the Complaint to be true. *Hughes v. Rowe*, 449 U.S. 5, 10 (1980). Therefore, if "under any reasonable reading of the pleadings, the plaintiff may be entitled to relief," the motion must be denied. *Colburn v. Upper Darby Twp.,* 838 F.2d 663, 665-66 (3d Cir. 1988)(quoting *Estate of Bailey by Oar v. County of York*, 768 F.2d 503, 506 (3d Cir.1985).

    5.    An inmate must first exhaust the administrative remedies available to him prior to filing a §1983 action pursuant to the Prison Litigation Reform Act of 1996, ("PLRA") 42 U.S.C. §1997e(a), regardless of whether the relief he desires can be granted by the administrative process. *Nyhuis v. Reno*, 204 F. 3d 65, 67 (3d Cir. 2000) *See also Booth v. Churner*, 206 F. 3d 289, 295 (3d Cir. 2000). Congress amended 42 U.S.C. §1997e(a) in response to the heavy volume of frivolous prison litigation filed by inmates who often file claims that are untidy, repetitious and regurgitate legal language. *Nyhuis* at 73-74. These claims require the courts to expend significant judicial resources to review these claims. *Id.* It is with these considerations, along with the plain meaning of 42 U.S.C. §1997e(a), that the Court must dismiss an action filed by or on behalf of a prisoner who has failed to exhaust all available administrative remedies prior to filing a lawsuit. *Id.* at 78. The Third Circuit unequivocally ruled that the exhaustion of administrative remedies requirement of the PLRA applied to any and all claims brought by an inmate pursuant to 42 U.S.C. §1983, regardless of the relief sought. *Id.* at 70.

Plaintiff's complaint is clearly subject to §1997e(a)'s exhaustion of remedies requirement. *Porter v. Nussle*, 534 U.S. 516 (2002). Section 1997e(a) is applicable to all inmate claims except those challenging the fact of duration of confinement. It is apparent from the face of the complaint that the plaintiff has not complied with SCI's grievance procedure. The plaintiff's statement on page two (2) of the complaint reflects that he was aware that SCI had a grievance procedure; however, State defendants contend that he failed to complete the procedure. Plaintiff alleges that the result of his grievance was "inaction," a response which does not satisfy the grievance procedure. An inmate must exhaust administrative remedies even when officials ignore his grievance. *See also Ahmed v. Sromovski*, 103 F. Supp.2d 838 (E.D. Pa., 2000). The plaintiff has failed to exhaust his administrative remedies, and therefore, the complaint must be dismissed pursuant to 42 U.S.C. §1997e(c)(2).

6.  First, plaintiff's Eighth Amendment allegations are time-barred by the statute of limitations. "Limitation periods in §1983 suits are to be determined by reference to the appropriate state statute of limitations and the coordinate tolling rules." *Hardin v. Straub*, 490 U.S. 536, 541 (1989) (citing *Board of Regents, University of New York v Tomanio,* 446 U.S. 478, 484 (1980)). The relevant state statute of limitations for a personal injury action in Delaware is two years. *See* 10 *Del. C.* §8119; *Carr v. Dewey Beach,* 730 F. Supp. 591 (D. Del. 1990). Accrual of such claims are governed by federal law. *See Albright v. Oliver*, 510 U.S. 266, 280 n.6 (1994).

Consequently, the plaintiff's Eighth Amendment claim accrued, when he knew or had reason to know of the injury that forms the basis of this action. *Carr,* 730 F. Supp. at 601. According to plaintiff's complaint his "slip and fall" occurred on September 16, 1999. (Complaint, *passim*). To be within the statute of limitations, the plaintiff would have had to file

a complaint within two years of the incident when he knew or had reason to know of the injury that forms the basis of this action.  The plaintiff did not file his complaint in this Court until May 13, 2002, more than two (2) years after he knew, or had reason to know of the injury that forms the basis of this action; therefore, plaintiff's claim is time-barred.  Moreover, the Delaware savings statute, 10 *Del. C.* § 8116, does not toll the statute of limitations in personal injury actions. *See Jamison v. Clark,* No. 99C-03-265-WRQ, 1999 WL 744428 (Del. Supr. July 30, 1999)(*citing Hurwitch v. Adams*, 52 Del. 13, 151 A. 2d 286  (Del. Supr. 1959))("The savings statute that permits tolling during mental competency, 10 *Del. C.*§8116; however, does not apply to personal injury cases governed by § 8119).Unless the plaintiff can cite to a state provision for tolling the time of filing this action, this §1983 action is barred as not timely filed.

       7.      Plaintiff is alleging Eighth Amendment violations regarding his conditions of confinement. In order to prevail, plaintiff must establish that the condition complained of is sufficiently serious to implicate constitutional protection and, prison officials acted with deliberate indifference to plaintiff's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). State defendants assert that plaintiff has failed to establish that leaking water in plaintiff's housing unit was a sufficiently serious condition to warrant constitutional protection under the Eighth Amendment.

      To satisfy *Farmer's* first prong, the plaintiff must show that the water conditions in plaintiff's housing unit "rose to the level of a condition posing a substantial risk or serious harm to inmate health or safety." *Farmer*, at 973.  The plaintiff has not provided any evidence to support the first prong of *Farmer*.  On September 16, 1999, during a heavy rainfall one of the newly constructed walls of plaintiff's housing unit began to leak. (See affidavit of William Gosnell attached at Exh.A). State defendant Gosnell ordered two inmates, Charles Webster and

Henry Herman to retrieve mops and buckets and clean up the area as inmates were about to exit their cells for recreation. *Id.* The inmates were warned to be cautious due to the wet conditions but unfortunately the plaintiff slipped and fell as he was going down the steps. *Id.* State defendant Gosnell called a medical emergency code resulting in the plaintiff being immediately transferred to medical for examination and treatment. *Id.* The area was subsequently cordoned off with tape. *Id.* State defendant Gosnell completed a Work Order Request (See Work Order Request attached at Exh. C) informing maintenance of the housing unit's wet conditions and the need for repair. *Id.*

      8.    Contrary to plaintiff's allegations, the State defendants did not ignore a "known hazard which threatened life and limb;" nor did State defendants "know or have reason to know that the deterioration of the building structure permitted moisture to build up causing the leakage problem." (Complaint, *passim*). Plaintiff's allegation that State defendants were warned of the defects and ignored them is patently false. To support this allegation, the plaintiff refers to a grievance he filed in November, 1999, two months *after* the incident,. The building had just been constructed; there was no reason for the State defendants to know or be aware of any defects. By the time the plaintiff filed his grievance in November, 1999, the condition that led to the water leakage had been repaired by the contractor. (See affidavit of Carl Anson attached at Exh.B).

      While leaking water can pose a potentially hazardous condition slippery floors constitute a daily risk faced by members of the public at large. Federal courts from other circuits have consistently held that slippery prison floors do not violate the Eighth Amendment. *See Denz v. Clearfield County*, 712 F. Supp 65, 66 (W.D.Pa.1989) (finding no violation based on slippery floor in prison cell); *See LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir.1993).("slippery prison floors ….do not state even an arguable claim for cruel and unusual punishment." ) *Tunstall v.*

*Rowe*, 478 F.Supp. 87-89 (N.D.Ill.1979).(finding no Eighth Amendment violation based on greasy prison stairway). *Snyder v.Blankenship*, 473 F. Supp.1208-09 (W.D.Va.1979) *aff'd.* 618 F.2d 104 (4th Cir.1980) (finding no Eighth Amendment violation based on pool of soapy water from leaking dishwater in prison kitchen). Simply put, a slip and fall, without more, does not rise to the level of cruel and unusual punishment.  Furthermore, plaintiff has not satisfied *Farmer's* second prong that of deliberate indifference on the part of the State defendants.  Far from being deliberately indifferent, State defendant Gosnell's actions demonstrate otherwise. Upon being aware of the water problem, he ordered two inmates to mop it up and warned inmates to be cautious as they were coming out for recreation.   After plaintiff's unfortunate slip and fall, the State defendant called for medical assistance and then informed maintenance of the water problem so that repair work could be commenced. Regrettably, the plaintiff fell; however, State defendants' actions before and after the incident do not demonstrate deliberate indifference. The plaintiff has failed to satisfy both prongs of *Farmer*, making dismissal of his Eighth Amendment claim appropriate pursuant to Fed.R.Civ.P.12(b)(6) for failure to state a claim upon which relief may be granted.

     9.     The gravaman of plaintiff's complaint is straightforward, the State defendants are liable for plaintiff's alleged injuries because plaintiff slipped and fell and allegedly sustained injuries as a result of a wet floor in plaintiff's housing unit.  (Complaint, passim).  Although regrettable, plaintiff's allegations must be dismissed because they do not amount to more than a claim for negligence or gross negligence, and it is well-established that neither negligence nor gross negligence is actionable under 42 U.S.C.§1983 in the prison context. *Farmer*, 511 U.S at 835-36.  The remedy for plaintiff's type of injury, if any, must be sought in state court under

traditional tort law principles.[1] Plaintiff did seek relief in the state court at first; however, his complaint was dismissed as legally frivolous as plaintiff failed to plead with particularity the circumstances involving all allegations of negligence on each defendant's part as required by Superior Court Civ.R.9(b).

Negligence is not a basis for liability under §1983, as it does not meet the standard of deliberate indifference. "More is needed than a naked averment that a tort was committed under color of state law." *Monmouth County Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326,346 (3d Cir.1987). State defendants assert that no set of facts could transform this tort claim into constitutional rights' violations and therefore, should be dismissed.

10.    Regardless of the type of § 1983 claim, the plaintiff must show personal involvement by the State defendants to succeed. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Without identifying how they participated in, personally directed, or acquiesced in the events which plaintiff claims deprived him of constitutional rights, State defendants cannot be held liable and dismissal is appropriate. *Gay v. Petsock*, 917 F.2d 768, 771 (3d Cir. 1990); *Rode, supra*. State defendants appear to be named in the complaint solely because of their positions as supervisory prison officials. However, it is well established that the theories of *respondeat superior* and vicarious liability are not acceptable bases for liability under § 1983. *See, e.g., Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

11.    To the extent plaintiff may be deemed to be asserting a pendent State claim, the State Tort Claims Act shields the defendants from personal liability for acts done in good faith,

---

[1] *Eley v. Kearney,* C.A.No.01C-02-021, Bradley, J. The plaintiff first filed a negligence action in the Sussex County Superior Court on February 1, 2001. On March 21, 2001,plaintiff's complaint was dismissed pursuant to 10 Del.C.8803(b), for being legally frivolous. (Attached at Exh.D) The plaintiff then made a second attempt to file a negligence action but again was dismissed by Judge Bradley as being legally frivolous. *Eley v. Kearney et al.*, 2001 WL 1628881 (De.Super.Sept.4,2001). The plaintiff then appealed to the Delaware Supreme Court, *Eley v.Kearney et al.,* C.A.No. 467, 2001, (De.Supr. April 1, 2001) which affirmed the Superior Court's decision. (Attached at Exh. E).

7

without gross or wanton negligence, and arising out of and in connection with, the performance of official discretionary duties. 10 *Del C.* '4001(3); see, *Smith v New Castle County Vo-Tech,* 574 F.Supp. 813, 820 (D. De. 1983). The State defendants are entitled to good faith immunity under 10 *Del C.* '4001. In order for the State defendants to be held liable, plaintiff must establish that their acts either were not in connection with the performance of any official duty... not done in good faith...or constituted gross or wanton negligence. Plaintiff has been unable to meet these criteria and therefore dismissal is now appropriate.

   12. State defendants are also immune from liability under the Eleventh Amendment. The Eleventh Amendment stands Afor the constitutional principle that State sovereign immunity limit[s] the federal courts= jurisdiction under Article III.@ *Seminole Tribe of Florida v. Florida,* 517 U.S. 44 (1996). The United States Congress can waive the state=s sovereign immunity, and therefore, its Eleventh Amendment immunity through the Fourteenth Amendment; however, only a clear indication of Congress= intent to waive the states= immunity will produce this result. *Id.* No such clear intent can be seen in 42 U.S.C. '1983. In fact, Congress= intent appears to be to the contrary as the statute facially allows suits only to be brought against Apersons.@ 42 U.S.C. '1983.

  A suit against state officials in their official capacities is treated as a suit against the State. *Hafer v. Melo*, 502 U.S. 21 (1991). Under federal law, the State defendants in their official capacities are not "persons" for the purposes of 42 U.S.C. '1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

  Consequently, given this categorization, this Court lacks jurisdiction over the State defendants in their official capacities, and the State defendants are outside the class of persons

subject to liability under 42 U.S.C.§1983. Dismissal is therefore, appropriate as to all State defendants.

WHEREFORE, based upon the foregoing arguments, State defendants respectfully request that this Honorable Court enter an Order dismissing plaintiff=s complaint pursuant to Fed. R. Civ. P. 12(b)(6) as he has failed to state a claim for which relief may be granted.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

_____
Richard W. Hubbard, ID#2442
Department of Justice
Deputy Attorney General
Carvel State Building
820 N. French Street, 6th Floor
Wilmington, De 19801
(302) 577-8400

Dated: November 24, 2004              Attorney for State Defendants