Westlaw.

Not Reported in F.Supp.2d                                                                                           Page 1

Not Reported in F.Supp.2d, 2001 WL 845654 (D.Del.)

**(Cite as: 2001 WL 845654 (D.Del.))**

Only the Westlaw citation is currently available.

United States District Court, D. Delaware.
Valerie SMITH, Plaintiff,
v.
STATE of Delaware, et al., Defendants.
**No. Civ.A. 99-440-JJF.**

July 24, 2001.

Valerie Smith, New Castle, Delaware, Plaintiff, pro se.

Adam R. Elgart, Mattleman, Weinroth & Miller, Newark, Delaware, for Defendants Glenda E. Houston and Jerome E. Houston.

Ophelia M. Waters, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware, for State Defendant.

*MEMORANDUM OPINION*

FARNAN, J.

*1 Presently before the Court are two Motions To Dismiss, one filed by Defendants Glenda E. Houston and Jerome E. Houston ("Individual Defendants") (D.I.20) and one filed by the Defendant State of Delaware ("State Defendant") (D.I.21). Both Motions to Dismiss are filed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons set forth below, the Motion To Dismiss filed by the Individual Defendants (D.I.20) and the Motion To Dismiss filed by the State Defendant (D.I.21) will both be granted.

BACKGROUND
Valerie Smith ("Plaintiff") is an inmate currently incarcerated in the Delaware Department of Correction ("DOC") at the Baylor Women's Correctional Institute ("WCI"). Plaintiff filed her Complaint (D.I.2) on July 9, 1999. Plaintiff's Complaint is characterized as a 42 U.S.C. § 1983 claim for alleged constitutional violations.

In the Complaint, Plaintiff alleges that Defendants Glenda and Jerome Houston, the foster care parents, abused her mentally, physically and verbally while she was in their custody when Plaintiff was sixteen years of age. (D.I. 2, at 3). Plaintiff further claims that by placing her in the foster parents' care, the State is responsible for the foster parents' action. *Id.* at 5. It appears from the papers submitted to the Court that Plaintiff's placement in the home of the Individual Defendants occurred over fifteen (15) years ago (i.e., from 1984 to 1985).

STANDARD OF REVIEW
Pursuant to Rule 12(b)(6), a party may move to dismiss a pleading for failure to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6). The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. *Kost v. Kozakiewicz,* 1 F.3d 176, 183 (3d Cir.1993). As such, when considering a motion to dismiss, a court must accept as true all allegations in the complaint and must draw all reasonable factual inferences in the light most favorable to the plaintiff. *Neitzke v. Williams,* 490 U.S. 319, 326 (1989); *Piecknick v. Pennsylvania,* 36 F.3d 1250, 1255 (3d Cir.1994). However, the court is "not required to accept legal conclusions either alleged or inferred from the pleaded facts." *Kost,* 1 F.3d at 183. Dismissal is only appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41 (1957); *In re Donald J. Trump Casino Sec. Litig.,* 7 F.3d 357, 368-69 (3d Cir.1993). Thus, the court may dismiss a complaint when the facts pleaded and the reasonable inferences drawn therefrom are legally insufficient to support the relief sought. *See Pennsylvania ex rel. Zimmerman v. PepsiCo., Inc.,* 836 F.2d 173,

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                       Page 2

Not Reported in F.Supp.2d, 2001 WL 845654 (D.Del.)

**(Cite as: 2001 WL 845654 (D.Del.))**

179 (3d Cir.1988).

### DISCUSSION

In lieu of an Answer to the Complaint, the Individual Defendants and the State Defendant filed Motions To Dismiss. Both the Individual Defendants and the State Defendant seek dismissal based on (1) the statute of limitations codified in 10 Del. C. § 8119, and (2) the failure to state a claim upon which relief may be granted.

*2 In *Wilson v. Garcia,* 471 U.S. 261 (1985), the United States Supreme Court held that actions pursuant to 42 U.S.C. § 1983 should be characterized as personal injury actions, and therefore, the statute of **limitations** for such actions should be determined by each state. It is well-established in Delaware that the statute of limitations for Section 1983 actions is the two-year limitations period set forth in 10 Del. C. § 8119. *McDowell v. Delaware State Police,* 88 F.3d 188, 190 (3d Cir.1996); *Carr v. Town of Dewey Beach,* 730 F.Supp. 591 (D.Del.1990).

In pertinent part, 10 Del. C. § 8119 provides:
> No action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of 2 years from the date upon which it is claimed that such alleged injuries were sustained ...

Applying the two-year limitations period to Section 1983 claims, this Court has further recognized that a Section 1983 claim accrues when the Plaintiff knows or has reason to know of the injury that forms the basis of his or her complaint. *Johnson v. Cullen,* 925 F.Supp. 244, 248 (D.Del.1996).

In this case, Plaintiff alleges that she was sexually assaulted and otherwise abused when she was in the foster care of the Individual Defendants when she was sixteen years old (i.e., from 1984 to 1985). (D.I. 2, at 3, 5). Plaintiff alleges no other factual information beyond this time period. The Court concludes that Plaintiff knew or should have known of the torts allegedly committed against her well in advance of her July 9, 1999 filing of the instant Complaint. Thus, regardless of whether Plaintiff's allegations are construed as a state law claim or a constitutional tort (assuming that the Individual Defendants are state actors), the Court concludes that Plaintiff's action against the Individual Defendants and the State Defendant is barred by the applicable statute of limitations.

Having concluded that Plaintiff's claims against all Defendants are clearly time-barred, the Court need not address the remaining arguments offered by the Individual Defendants and the State Defendant.

### CONCLUSION

For the reasons discussed, the Motion To Dismiss filed by the Individual Defendants (D.I.20) and the Motion To Dismiss filed by the State Defendant (D.I.21) will both be granted.

An appropriate Order will be entered.

Not Reported in F.Supp.2d, 2001 WL 845654 (D.Del.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.