IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AARON E. BRUTON, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 05-260-KAJ |
| C/O ROBERT C. PADDY, et al., | ) ) ) |
|     Defendants. | ) ) |

**MEMORANDUM ORDER**

**I.     INTRODUCTION**

Plaintiff Aaron E. Bruton ("Bruton"), an inmate of the Delaware Correctional Center ("DCC"), filed this civil rights action pursuant to 42 U.S.C. §1983 alleging a violation of his Eighth Amendment rights. Now before me are defendants Robert C. Paddy, Thomas Carroll, Glen Woodard, Raphael Williams, Larry McGuigan, Joseph Belanger, and Betty Burris' motions to dismiss (D.I. 23, 28), Bruton's response (D.I. 35) and defendants' reply (D.I. 36). Also before me is a motion filed by Raymond Bruton, the father of plaintiff, asking that he be allowed to assist his son in filing court documents. (D.I. 24.) Bruton also moves for appointed counsel. (D.I. 30.) For the reasons that follow, the motions to dismiss (D.I. 23, 28) will be granted. The motions concerning representation of Bruton (D.I. 24, 30) will be denied.

**II.     BACKGROUND**

On February 25, 2003, Bruton filed a civil rights lawsuit pursuant to 42 U.S.C. § 1983, *Bruton v. Williams,* C.A. No. 03-224-KAJ (D. Del.). Bruton alleged that on two occasions, February 27, 2001, and May 6, 2002, whiled housed at the Howard R.

Young Correctional Institution ("HRYCI") and the DCC, respectively, his Eighth Amendment rights were violated due to excessive force being employed against him. Bruton did not comply with my orders to complete USM-285 forms for service of process because, he indicated, he feared retaliation. *Bruton v. Williams,* C.A. No. 03-224-KAJ, D.I. 5 (D. Del.). Following a court hearing and Bruton's repeated failure to submit completed USM-285 forms, I entered an order for Bruton to show cause why the completed forms were not submitted or this action would be dismissed. *Id.* at D.I. 8. Failing to show cause, on July 2, 2003, I dismissed the case without prejudice. *Id.* at D.I. 10.

A year later, on September 9, 2004, Bruton filed a document I construed as a motion for reconsideration and the case was reopened. *Id.* at D.I. 13. Bruton asserted the reason for the delinquent filing was that he was classified to the Security Housing Unit ("SHU") and was mentally incompetent until three months prior to filing the motion for reconsideration. However, the record belied his claims. Although Bruton claimed he was housed in SHU, the address on the envelope in which his letter was mailed indicated that he was classified to the Medium Security Housing Unit ("MHU"). Also, Bruton contended that he did not have access to "a person trained in the law or an inmate paralegal," but such access was not necessary inasmuch as I had already determined that Bruton's complaint was not frivolous and that it should be served upon the defendants. In my order denying the motion for reconsideration, dated March 31, 2005, I found that Bruton did not adequately explain his delay in filing the motion and that he had not filed the motion within a "reasonable time" as required by Rule 60(b)(6). *Id.* at D.I. 15.

A little over one month later, on May 2, 2005, Bruton initiated the present lawsuit. (D.I. 1, 2.) The complaint contains facts and allegations identical to those found in C.A. No. 03-224-KAJ. Defendants filed motions to dismiss on December 19, 2005, and January 17, 2006, arguing that the instant complaint is barred by the applicable two year statute of limitations. (D.I. 23, 28.) Bruton opposes the motion arguing that during the time in question "defendant's [sic] had kept him on large doses of mental health drugs which clouded his judgments [sic] on what decisions to make and when to make them, and when he refused to take the doses he would be placed in 'isolation' until he again would submit too [sic] mental health treatments [sic] with forced medications over his objections." (D.I. 35.)

### III.   STANDARD

*Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers". *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The Court "accept[s] all well-pleaded allegations in the complaint as true, and view[s] them in the light most favorable to the plaintiff." *Carino v. Stefan*, 376 F.3d 156, 159 (3d Cir. 2004). A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) will be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

### IV.   DISCUSSION

#### A.   Motion to Dismiss

For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1983). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* Del. Code Ann. tit. 10, §

8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when plaintiff knows or has reason to know of the injury that forms the basis of his or her cause of action." *Id.* (quoting *Deary v. Three Un-Named Police Officers,* 746 F.2d 185, 187 n.16 (3d Cir. 1984)). Claims not filed within the two-year statute of limitations period are time-barred and must be dismissed. *See e.g., Ford v. Wolfe*, 156 Fed. Appx. 499, 500 (3d Cir. 2005).

It is well settled that "a statute of limitations is not tolled by the filing of a complaint dismissed without prejudice. As regards the statute of limitations, the original complaint is treated as if it never existed," *Cardio-Medical Associates. v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 77 (3d Cir. 1983) (citations omitted), and "the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing." *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000) (citations omitted). Without such a rule a plaintiff could file a suit, dismiss it voluntarily the next day, and have forever to refile it. *Elmore*, 227 F.3d at 1011. Additionally, a plaintiff's own action or inaction can almost always precipitate a dismissal without prejudice by failing to properly serve a defendant or by failing to allege federal jurisdiction. *Id.* The severity of this rule is mitigated, however, by the doctrine of equitable tolling. *Id.*

Generally, the tolling rules in § 1983 actions are taken from the rules of the forum state, unless they conflict with federal law or policy. *See* 42 U.S.C. § 1988; *Hardin v. Straub*, 490 U.S. 536, 538-39 (1989). Under Delaware law, equitable tolling occurs when the plaintiff can show he was ignorant of the wrong due to the defendant's fraud or fraudulent concealment or some other circumstance justifying why plaintiff did

not have reason to know of the facts constituting the alleged wrong. *Kahn v. Seaboard Corp.*, 625 A.2d 269, 275-76 (Del. Ch. 1993). Under federal law, equitable tolling is appropriate in three general scenarios: (1) where a defendant actively misleads a plaintiff with respect to his cause of action; (2) where the plaintiff has been prevented from asserting his claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts his claims in a timely manner but has done so in the wrong forum. *Lake v. Arnold*, 232 F.3d 360, 370 n.9 (3d Cir. 2000).

Bruton's claims are barred by the applicable two year limitation period inasmuch as the current complaint was not filed until almost three years after the alleged May 6, 2002, occurrence and more than four years after the alleged February 27, 2001 occurrence. Bruton posits that there is a basis for tolling the limitation period under the equitable tolling theory. It is apparent from the timely filing of Bruton's first case that he was aware of the alleged wrong by defendants. Hence, his only possible avenue for equitable tolling is that he was prevented from refiling his claim due to extraordinary circumstances. Unfortunately for Bruton, he cannot prevail under this theory.

Bruton's own actions precipitated the dismissal of C.A. No. 03-224-KAJ. Bruton opted not to provide complete USM-285 forms, despite my repeated attempts to prompt him into providing the forms so that service could take place. *Bruton v. Williams,* C.A. No. 03-224-KAJ, D.I. 15 (D. Del.). Bruton took no immediate action when C.A. No. 03-224-KAJ was dismissed on July 2, 2003. Indeed, it was not until over one year later, on September 27, 2004, that he finally filed his motion for reconsideration. At that point in his claims were barred by the two year limitation period. Moreover, his proffered reasons for the late filing were not supported by the record.

In his attempt to explain the current untimely filing (D.I. 2), Bruton contends that his mental health treatment clouded his judgment and that at times he was placed in isolation. (D.I. 35.) In this circuit, "mental incompetence is not *per se* a reason to toll the statute of limitations." *Nara v. Frank*, 264 F.3d 310, 320 (3d Cir. 2001); *Lake,* 232 F.3d at 371. Tolling may be warranted if the mental incompetence motivated the injury which the plaintiff seeks to remedy. *Lake*, 232 F.3d at 372 (citing *Eubanks v. Clarke,* 434 F.Supp. 1022 (E. D. Pa. 1977) (deciding to equitably toll the statute of limitations for a mentally incompetent plaintiff who was involuntary committed for entire limitations period)). Here, that is not the case. Moreover, Bruton's conclusory and unsupported statements, without more, do not support a finding that equitable tolling is warranted. *See, e.g., Boos v. Runyan,* 201 F.3d 178, 185 (2d Cir. 2000) ("[The plaintiff's] conclusory and vague claim, without a particularized description of how her condition adversely affected her capacity to function generally or in relationship to the pursuit of her rights, is manifestly insufficient to justify any further inquiry into tolling."); *Lawrence v. Florida,* 421 F.3d 1221, 1226-27 (11th Cir. 2005); *Fisher v. Gibson,* 262 F.3d 1135, 1145 (10th Cir. 2001).

I am mindful of Bruton's *pro se* status. Equitable tolling is more appropriate when the litigant is inexperienced and proceeding *pro se*. *Kocian Getty Refining & Marketing Co.,* 707 F.2d 748, 755 (3d Cir. 1983) (citing *Hart v. J. T. Baker Chem. Co.*, 598 F.2d 829, 832 (3d Cir. 1979)). "Although...conformity with procedural rules should be viewed liberally when a litigant is acting *pro se,* the rules are not suspended simply because the litigant is unrepresented by counsel. The *pro se* complainant must exercise reasonableness and good faith in prosecution of his claims." *Carter v. Three*

*Unknown Police Officers,* 112 F.R.D. 48, 52 (D. Del. 1986); *see also McNeil v. United States,* 508 U.S. 106, 113 (1993) ( "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

Here, the record does not support a finding of equitable tolling. Indeed, the record evinces that Bruton, and Bruton alone, failed to take the appropriate steps to effect service in the first filing of his case. When that case was dismissed without prejudice he waited for over a year before seeking reconsideration, and at that time the limitation period had expired. His reasons for delay were thoroughly examined and rejected by me, yet Bruton continues to seek redress of these lapsed claims by filing this case. Bruton did not exercise due diligence in pursuing his claims. Therefore, I will grant the motions to dismiss (D.I. 23, 28) as the claims are barred by the applicable limitation period.

### B.   Appointment of Counsel

Bruton's father, Raymond L. Bruton, asks that he be allowed to provide assistance to his son in filing forms and motions in this action. (D.I. 24.) Raymond Bruton is a certified paralegal and is an inmate within the Delaware Department of Correction, housed at HRYCI. As noted earlier, his son, the plaintiff, is currently housed at the DCC.

Based on my decision to dismiss this action, the elder Bruton's request is moot. Moreover, as a non-attorney, Raymond Bruton may not act as an attorney for other individuals. *See In the Matter of Chojecki,* Nos. 99-4850, 99-18145, 2000 WL 679000, at \* (E. D. Pa. May 22, 2000) (citing *United States v. Stepard,* 876 F. Supp. 214, 215

(D. Ariz. 1994) ("Although a non-attorney may appear in propria persona on his own behalf, that privilege is personal to him and he has no authority to appear as the attorney for anyone other than himself."). Accordingly, I will deny Raymond Bruton's request. This denial is in no way intended to deprive Raymond Bruton from communicating with his son within the context of the applicable prison regulations.

The plaintiff also seeks appointed counsel. (D.I. 30.) He moves for appointed counsel on the bases that he is incarcerated, unskilled in the law, has limited law library access, and appointed counsel would serve "the best interests of justice." *Id.* Again, because I am dismissing this case, his request is moot. In any event, Bruton, a *pro se* litigant proceeding *in forma pauperis*, has no constitutional or statutory right to appointed counsel. *See Ray Robinson*, 640 F.2d 474, 477 (3d Cir. 1981). It is within this court's discretion to appoint plaintiff an attorney, but only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); *accord Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law). Bruton's claims have no arguable merit in law as they are barred by the applicable limitation period. Therefore, I will deny his motion for appointment of counsel (D.I. 30).

## V.    CONCLUSION

Based upon the foregoing analysis, IT IS THEREFORE ORDERED that State defendants Robert C. Paddy, Thomas Carroll, Glen Woodard, Raphael Williams, Larry

McGuigan, and Joseph Belanger's motion to dismiss (D.I. 23) is GRANTED, State defendant Betty Burris' motion to dismiss (D.I. 28) is GRANTED, Raymond Bruton's motion to assist his son in filing court documents (D.I. 24) is DENIED, and Bruton's motion for appointment of counsel of counsel (D.I. 30) is DENIED. The clerk of the court is directed to enter judgment in favor of the defendants and against plaintiff.

                                                                             _____
                                                                             UNITED STATES DISTRICT JUDGE

October 10, 2006
Wilmington, Delaware